UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DIANE N.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C20-6129-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of her application for a Period of Disability and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by improperly evaluating medical evidence, by discounting her testimony, by formulating a deficient residual functional capacity ("RFC"), and by making unsupported step two, step four, and step five findings. (Dkt. # 13.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II. BACKGROUND

Plaintiff was born in 1968, has at least a high school education, and previously worked as a case aide. AR at 31. Plaintiff applied for benefits on March 13, 2017, alleging disability

ORDER - 1

beginning November 14, 2015. *Id.* at 15. Plaintiff's application was denied initially and on reconsideration. The ALJ held a hearing in May 2019, taking testimony from Plaintiff and a vocational expert. *See id.* at 89-132. In July 2019, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 12-39. In relevant part, the ALJ found Plaintiff's severe impairments of degenerative changes of the lumbar spine and bilateral hips, status post third finger tendon reconstruction of the right hand, arthritis of the left hand, obesity, a pain related sleep disorder, and headaches limited her to light work subject to a series of further limitations. *Id.* at 18, 22. Based on vocational expert testimony, the ALJ found Plaintiff could perform past relevant work as a case aide. *Id.* at 31. Plaintiff appealed this final decision of the Commissioner to this Court. (Dkt. # 4.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d

ORDER - 2

1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.   DISCUSSION

### A.   The ALJ Erred in Evaluating the Medical Evidence

A treating doctor's opinion is generally entitled to greater weight than an examining doctor's opinion, and an examining doctor's opinion is entitled to greater weight than a non-examining doctor's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the contradicted opinion of a treating doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).[1]

#### 1.   Michael Rabara, Psy.D.

Dr. Rabara examined Plaintiff in July 2017, and opined Plaintiff had anxiety disorder and depressive disorder. AR at 413. Dr. Rabara also opined Plaintiff's "working memory skills are in the borderline range," "short-term rote auditory memory is poor," and "computation of orally presented math story problems is low average." *Id.* at 411. The ALJ gave Dr. Rabara's opinion "little weight." *Id.* at 21.

The ALJ first discounted Dr. Rabara's opinion as inconsistent with "his notations that the claimant's memory and thinking skills were overall much better than her reported 'awful' concentration and memory skills and that relevant scores on WAIS-IV testing, including a full scale IQ score of 92, were all in the average range and, moreover, that there were notable

---

[1] Because Plaintiff applied for benefits before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

inconsistencies in the claimant's claims of social and crowd discomfort suggesting her claims are overstated." AR at 21. The ALJ's reasoning is erroneous in two respects. First, that Dr. Rabara's assessment regarding Plaintiff's memory and thinking skills was "better" than, and thus inconsistent with, Plaintiff's own assessment is not a ground on which to discount the doctor's opinion. Plaintiff is, of course, a lay person, and Dr. Rabara, a clinical psychologist, is better-suited to assess memory and thinking skills. Indeed, Dr. Rabara assessed Plaintiff's "memory skills are in the borderline range," "short-term rote memory in poor," "computation of orally presented math story problems is poor." *Id*. at 411. As to the latter, Dr. Rabara noted "[t]his task involves freedom from distractibility," which implicates Plaintiff's functioning in a work environment. *See* SSR 96-8p ("In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis[.]").

      Second, the record indicates Dr. Rabara's opinion was based on his clinical observations and does not indicate he found Plaintiff to be malingering. Therefore, there is no evidentiary basis for rejecting the opinion. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) ("The report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology. Psychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields. Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry. Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness.") (cleaned up); *cf. Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199–200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility

ORDER - 4

of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations"). The ALJ accordingly erred by discounting Dr. Rabara's opinion on this ground.

The ALJ next discounted Dr. Rabara's opinion on the ground "he considered the claimant's functioning only at the time of his consultative psychological evaluation." AR at 21 (internal citation omitted). This reason is legally erroneous, as examining doctors who perform one evaluation necessarily assess functioning "only" at the time of the evaluation. The ALJ must consider the opinions of examining physicians. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); 20 C.F.R. § 416.927. "When considering an examining physician's opinion … it is the quality, not the quantity of the examination that is important. Discrediting an opinion because the examining doctor only saw claimant one time would effectively discredit most, if not all, examining doctor opinions." *Malinda K. R. v. Comm'r of Soc. Sec.*, 2019 WL 4942360, at *2 (W.D. Wash. Oct. 7, 2019) (quoting *Yeakey v. Colvin*, 2014 WL 3767410, at *6 (W.D. Wash. July 31, 2014)); *see also Xiong v. Astrue*, 2010 WL 3715135, at *5 (E.D. Cal. Sept. 15, 2010) ("The ALJ's suggestion that Dr. Damania's report is inadequate because it is the result of a one-time examination leads to the conclusion that the opinions of all examining physicians or psychologists should be discarded, contrary to controlling authority."). The ALJ accordingly erred by discounting Dr. Rabara's opinion on this ground.

Finally, the ALJ discounted Dr. Rabara's opinion as "inconsistent with the other objective findings as to the claimant's mental functioning noted elsewhere in the record in this case, as noted above." AR at 21. The ALJ's finding is legally insufficient, as vague and conclusory references to "elsewhere in the record" and "as noted above" fail to provide a cogent explication for discounting Dr. Rabara's opinion. Rather than merely stating his conclusions, the

ALJ "must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted); *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (ALJ errs in rejecting medical opinion when listing, without further explanation, medical evidence seriatim); *see also Garrison*, 759 at 1012-13 ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.") (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)). It is not the job of the reviewing court to comb the administrative record to find specific conflicts. *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014). To the extent the ALJ intended to refer to a discussion of medical evidence found two pages earlier in the decision, such evidence is either not reasonably related to or not otherwise inconsistent with Dr. Rabara's assessment of Plaintiff's memory. There, the ALJ found Plaintiff "has been noted to present as alert/and or oriented times three … with neat and clean appearance, with normal judgment; and/or with normal fund of knowledge, language, and attention[.]" AR at 19. These observations are not reasonably related to Plaintiff's memory. The ALJ also found Plaintiff "has been noted to present with … average appearing memory." *Id.* However, the one record citation that actually relates to Plaintiff's memory indicates Plaintiff is "positive for memory problems." *Id.* at 924. The ALJ's finding is thus not supported by substantial evidence and the ALJ accordingly erred by discounting Dr. Rabara's opinion on this ground.

    2.  G. Johnson, M.D.

  Dr. Johnson reviewed Plaintiff's medical record at the reconsideration level and, as relevant here, opined Plaintiff's "Learning Disorder" was "Severe." AR at 161. Dr. Johnson also

ORDER - 6

opined Plaintiff was "[m]oderately limited" in her ability to "understand and remember detailed instructions" and, accordingly, "capable of simple tasks." *Id*. at 168.

The ALJ rejected this portion of Dr. Johnson's opinion, finding "Dr. Johnson's indication of up to a moderate limitation in terms of the 'paragraph B' functioning area of understanding, remembering, or applying information caused by the claimant's learning disorder is in error, and that [Dr. Johnson] was instead of the opinion that such impairment is at most non-severe," even though Dr. Johnson's opinion was directly contrary to the ALJ's interpretation of his opinion. AR at 20. Dr. Johnson explicitly assessed Plaintiff as having a "severe" learning disorder. *Id*. at 161. Further, in support of his opinion that Plaintiff had moderate limitations remembering, Dr. Johnson noted "WMI 77," referring to Plaintiff's "[b]orderline" composite working memory score, as assessed by Dr. Rabara. *Id*. at 168, 410.

The ALJ also seemingly discounted this portion of Dr. Johnson's opinion as (1) derivative of Dr. Rabara's opinion and (2) based upon an erroneous interpretation of Dr. Rabara's assessment. *Id*. at 20. Because the ALJ erred in discounting Dr. Rabara's opinion, he necessarily erred by discounting this portion of Dr. Johnson's opinion that flowed from Dr. Rabara's assessment of Plaintiff's memory.

**B.     The ALJ Did Not Err by Discounting Plaintiff's Testimony**

The ALJ found Plaintiff presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged and made no finding she was malingering. AR at 20. The ALJ was thus required to provide "specific, clear, and convincing" reasons supported by substantial evidence to discount Plaintiff's testimony. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

ORDER - 7

The ALJ summarized Plaintiff's testimony and found it inconsistent with "the medical evidence and other evidence in the record for the reasons explained in this decision." AR at 24. Plaintiff contends, without elaboration, the ALJ "erred in weighing … [Plaintiff's] subjective complaints." (Dkt. # 13 at 2, 8.) Plaintiff bears the burden of showing the ALJ harmfully erred. *See Molina*, 674 F.3d at 111. Plaintiff's conclusory argument, made without elaboration, explanation, or citation to supportive evidence, is insufficient to establish the ALJ harmfully erred and is accordingly rejected. *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 930 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. … We require contentions to be accompanied by reasons."); *see generally Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues not argued with any specificity); *see also James M. v. Comm'r of Soc. Sec.*, 2020 WL 3605630, at *2 (W.D. Wash. July 2, 2020) ("[I]t is not enough merely to present an argument in the skimpiest way (i.e., listing the evidence), and leave the Court to do counsel's work—framing the argument, and putting flesh on its bones through a discussion of the applicable law and facts.").

C. **Step Two, RFC and Steps Four and Five**

Because the ALJ misevaluated the medical evidence concerning Plaintiff's mental impairments, as discussed above, the ALJ will necessarily need to determine, on remand, whether to make new step two findings, whether the RFC needs to be adjusted, and whether to make new step four and step five findings. For this reason, the Court need not reach Plaintiff's assignments of error regarding step two, the RFC, and steps four and five. *See PDK Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment).

V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate the opinions of Drs. Rabara and Johnson, reassess Plaintiff's mental impairments, develop the record and redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

Dated this 6th day of August, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge